UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSE LEAL,

  Plaintiff,

v.                                             CASE No. 8:13-CV-869-T-33TGW

WHITE HOUSE and HONORABLE
PRESIDENT BARACK OBAMA,

  Defendants.
_____

REPORT AND RECOMMENDATION

THIS CAUSE came on for consideration upon the pro se plaintiff's Motion for Leave to Proceed In Forma Pauperis and Affidavit of Indigency (Doc. 2) pursuant to 28 U.S.C. 1915 seeking a waiver of the filing fee for his complaint against the defendants.

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the affiant submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that he is entitled to redress. Even if the affiant proves indigency, the case shall be dismissed if

the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(i), (ii).

The plaintiff alleges that he has been a victim of discrimination and human rights violations in connection with the denial of his worker's compensation claim (Doc. 1). In August 2012, the plaintiff sent a file in support of his claim to the White House via "restricted delivery"; however, the delivery receipt "was not signed by the person who received it, but it was only stamped with the seal of the White House" (id., p. 1). The plaintiff believes that President Obama did not receive the file, and he is "suing the White House only for the sole purpose that the Honorable President Barack Obama will become present in this honorable court and [the plaintiff] can give [President Obama] the File with [his] own hands" (id., pp. 1-2). The plaintiff understands that President Obama "cannot directly change the Judge's decision," but states that "as the president of this great nation ... [he] can direct [the plaintiff's] case to a federal office so that justice may be properly served" (Doc. 1-1, p. 6).

The plaintiff has filed a vague and deficient financial affidavit (Doc. 2) and, therefore, the court lacks the information necessary to determine

whether he is unable to pay the filing fee. The affidavit indicates that the plaintiff has $785 in monthly obligations, which are paid with his wife's monthly earnings of $1,300. However, the plaintiff fails to account for the remainder of his wife's income, and he omits information requested regarding his wife's employment. The plaintiff also fails to answer questions concerning receipt of welfare aid.

Furthermore, the plaintiff has not established that this court has jurisdiction over his claim. See Rule 8(a)(1), F.R.Civ.P. (a pleading "must contain a short and plain statement of the grounds for the court's jurisdiction"). As the plaintiff acknowledges (Doc. 1-1, p. 6), United States District Judge Steven D. Merryday previously explained that this court lacks subject matter jurisdiction over the state court judgment in the plaintiff's worker's compensation case. Leal v. Franco, 8:11-CV-2261-T-23TBM (Doc. 4). The plaintiff has not set forth any other jurisdictional basis for bringing his complaint here.

In sum, the plaintiff has failed to show that he is indigent and that this court has jurisdiction over his claim. Accordingly, the complaint should be dismissed. See 28 U.S.C. 1915(e)(2)(B)(ii). While it is normally

appropriate to afford the plaintiff an opportunity to file an amended complaint, see Troville v. Venz, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002), I cannot perceive of any amendment which would permit this suit. I therefore recommend that the Motion for Leave to Proceed In Forma Pauperis and Affidavit of Indigency (Doc. 2) be denied and that the case be dismissed.

          Respectfully submitted,

          THOMAS G. WILSON
          UNITED STATES MAGISTRATE JUDGE

DATED: APRIL 16, 2013

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).